26 F.3d 141
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alfredo T. BAGAINDOC, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7044.
 United States Court of Appeals, Federal Circuit.
 May 13, 1994.
 
 Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves (1) out of time for a two-day extension of time to file his motion to dismiss, (2) to waive the requirements of Fed.Cir.R. 27(e), and (3) to dismiss Alfredo T. Bagaindoc's appeal for lack of jurisdiction. Bagaindoc has not filed a response.
 
 
 2
 Bagaindoc seeks review of a decision of the Court of Veterans Appeals summarily affirming two Board of Veterans Appeals' decisions that (1) denied his claim of entitlement to benefits as a former prisoner of war, and (2) denied his claim of entitlement to service connection for malaria, coronary insufficiency, osteoarthritis of the cervical spine, and a bilateral ear disability. In his informal brief, Bagaindoc asserts that the Court of Veterans Appeals did not consider all of his evidence and did not apply the law properly to his claims. Bagaindoc asks that we review the evidence and resolve the claims in his favor.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 Bagaindoc argues only that (1) he is entitled to benefits as a former prisoner of war, (2) he is entitled to service connection for various medical conditions, and (3) the law was misapplied to his claims. His appeal thus amounts to a request for review of factual determinations and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion for an extension of time is granted.
 
 
 7
 (2) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (3) The Secretary's motion to dismiss is granted.
 
 
 9
 (4) Each side shall bear its own costs.